# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN GJUROVICH, | CASE NO. 1:10-cv-01720-OWW-SMS |
| Petitioner, | ORDER DISMISSING CASE AND REMANDING TO |
| v. | CALIFORNIA SUPERIOR COURT |
| GMAC MORTGAGE, LLC, | |
| Respondent. | (Docs. 1, 2, and 3) |

Petitioner Alan Gjurovich, *pro se*, has filed a notice removing this case (*GMAC Mortgage LLC v. Star Hills, et al.,* S-1500-CL-237061-KCT) from the California Superior Court, Kern County, to the United States District Court for the Eastern District of California ("District Court") (Doc. 1). Petitioner contends that removal is appropriate in light of his bankruptcy petition (No. 10-14535-A-7), which is pending before the United States Bankruptcy Court for the Eastern District of California ("Bankruptcy Court"). Respondent moves for remand, contending that Petitioner's Notice of Removal was untimely and that removal was improper since the District Court lacks subject matter jurisdiction over this case.

To the extent that Plaintiff contends that removal is necessary due to the pending bankruptcy action, removal to the District Court is inappropriate. The District Court has referred all cases and proceedings under Title 11 to the Bankruptcy Court. General Order No. 182 (May 14, 1985); General Order No. 330 (December 6, 1996). Such cases and proceedings include removal applications. General Order No. 223 (October 28, 1987). Accordingly, a petitioner in bankruptcy seeking to remove a state court action for resolution by a federal court in conjunction

with petitioner's bankruptcy petition must file such a removal action in the Bankruptcy Court. This means that the appropriate course of action for the District Court would ordinarily be remand of the case with direction to the petitioner to file his or her removal notice with the Clerk of the Bankruptcy Court.

In this case, however, the Bankruptcy Court has already considered this case and granted Respondent's motion for relief from stay.[1] *Amended Findings of Fact and Conclusions of Law Re Motion of GMAC Mortgage for Relief from Stay*, Case No. 10-14535-A-7, DC No. RSS-26 (October 5, 2010). The Bankruptcy Court found that Respondent acquired title to certain real property located at 3018 Linden Avenue, Bakersfield, California ("the property"), in November 2008, and timely perfected its ownership. *Id.* After recounting Petitioner's filing of multiple bankruptcy petitions in an effort to prevent Respondent from gaining possession of the property, the Bankruptcy Court found that Respondent has obtained a writ of possession in an underlying state action for wrongful detainer and that Petitioner has no interest in the property other than his continued possession. *Id.* Under Bankruptcy Code § 362 (c) (4), no stay was in effect with regard to the property. *Id.* Petitioner's challenge to the earlier state court action that gave rise to the writ of possession is not a matter for Bankruptcy Court: Petitioner must challenge the state court judgment in the court from which the judgment arose. *Id.* Accordingly, the Bankruptcy Court lifted the stay on the state court action that Plaintiff now seeks to remove to federal court.

Plaintiff's intent in this removal action is circumventing the Bankruptcy Court's order. Removing the state court action to the District Court is not the appropriate procedure to appeal an order of the Bankruptcy Court. Should Plaintiff wish to challenge the order lifting the stay of bankruptcy, he is directed to follow the statutory procedure for appealing the Bankruptcy Court's order.

Petitioner has also moved to proceed *in forma pauperis* (Doc. 2). Because this order remands this matter to the California Superior Court, the motion to proceed *in forma pauperis* is moot.

---

[1] The District Court may take judicial notice of matters of public record in court proceedings. Fed.R.Evid. 201(b).

1     Accordingly, this action is **HEREBY REMANDED** to the Superior Court of California.

2 The Clerk of Court is hereby directed to close the case.

4 IT IS SO ORDERED.

5 **Dated:**   October 7, 2010                       /s/ Oliver W. Wanger
                                                         UNITED STATES DISTRICT JUDGE